UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH JEAN HOFFMAN,<br><br>          Plaintiff,<br><br>v.<br><br>DAVID E. MILLER; and RICHARDSON GRISWOLD,<br><br>          Defendants. | Case No.: 18-cv-0053-JAH (BGS)<br><br>ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT, AND DENYING PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER |

   Plaintiff Judith Hoffman, appearing *pro se*, has filed a complaint along with an application to proceed *in forma pauperis* ("IFP"). Additionally, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. See 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d 1176, 1177 (9th Cir. 1999).

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). 28 U.S.C. § 1915(e)(2) mandates that a court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3). Lopez, 203 F.3d at 1127.

Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable theory. Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984); see also Neitzke v. Williams, 490 U.S. 319, 326 (1989). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. Robertson, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," he must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

While the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted), it may not "supply essential elements of claims that were not initially pled." Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations" are simply not "sufficient to withstand a motion to dismiss." Id.

### I.  **42 U.S.C. 1983**

Here, Plaintiff asserts two causes of actions under 42 U.S.C § 1983, a violation of due process and equal protection under the law. "Section 1983 creates a private right of

action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Devereaux v. Abbey, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012).

### a. Individual Liability and Causation

As stated above, § 1983 allows actions against individuals who violate constitutional or statutory rights, while acting under the color of state law. Plaintiff's complaint contains virtually no factual allegations as to who actually violated her constitutional rights. The named Defendants in this case are Deputy City Attorney David E Miller and Richard Griswold, however, they are not identified in Plaintiff's complaint with respect to any alleged misconduct. See Doc. No. 1. Plaintiff identifies "city code inspectors" and a "Superior Court judge" in her statement of the claim, but provides no other identifying information for them. Additionally, Plaintiff's claim fails to allege how, or to what extent, any of the named individuals were involved in the alleged constitutional violations. "Because vicarious liability is inapplicable to . . . §1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Plaintiff also fails to properly address the causation element, which is "a required element of a § 1983 claim." Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999). "The inquiry into causation must be individualized and focus on the duties and

responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (citing Rizzo v. Goode, 423 U.S. 362, 370–71 (1976)). Plaintiff's complaint fails to discuss how either Defendant caused her constitutional deprivation. As currently alleged, the complaint fails to state a claim upon which relief can be granted. Accordingly, the complaint is **DISMISSED without prejudice** and Plaintiff's motion to proceed *in forma pauperis* is **DENIED as moot**.

## II. Plaintiff's Application for Temporary Restraining Order

Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue. [Doc. No. 2]. The standard for issuing a TRO is similar to the standard for issuing a preliminary injunction and requires that the party seeking relief "establish that [she] is likely to succeed on the merits, that [she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held. Granny Goose Foods, 415 U.S. at 439, 94 S.Ct. 1113 (1974); see also Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130–31 (9th Cir.2006).

Plaintiff seeks a temporary restraining order preventing "the City of San Diego and the Receiver appointed by the [California] Superior Court from in any way taking control of or gaining access to her assets, home or contents . . . ." [Doc. No. 2, pg. 44]. "Although the loss of one's home may constitute irreparable harm, in the absence of a likelihood of success on the merits, loss of property alone is not sufficient to obtain a TRO." Jones v. H.S.B.C. (USA), 844 F. Supp. 2d 1099, 1101 (S.D. Cal. 2012). Plaintiff failed to even address the likelihood that she will succeed on the merits of her claims. Having analyzed the issue above, and ultimately dismissing the complaint, it is apparent that Plaintiff has no likelihood of success. Accordingly, Plaintiff's Motion for Restraining Order is **DENIED without prejudice.**

4

1  DATED:   January 16, 2018

_____
JOHN A. HOUSTON
United States District Judge